PROB 12C
11/03

UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina



To Amend the Petition for Warrant or Summons filed on May 13, 2009

Name of Offender:   PETE SMITH                        Case Number:   2:93CR00117-1

Name of Sentencing Judicial Officer:   The Honorable William L. Osteen

Date of Original Sentence:   October 29, 1993

Original Offense:   Possess with Intent to Distribute Cocaine Base (Crack) in violation of 21 U.S.C. §§ 841(a)(1) & (B)(1)(A).

Original Sentence:   168 months custody of the Bureau of Prisons followed by 5 years of supervised release.

December 6, 2005: Modification for Drug Testing was filed.

Type of Supervision: Supervised Release        Date Supervision Commenced: November 4, 2005
                                              Date Supervision Expires: November 3, 2010

Assistant U.S. Attorney: Scott Mebane                     Defense Attorney: Gregory Davis

## PETITIONING THE COURT

[ ]   To issue a warrant
[ ]   To issue a summons
[X]   To amend the petition filed on May 13, 2009, to reflect additional felony criminal charges and revised Policy Statement.

The probation officer believes that Mr. Smith has violated the following condition(s) of supervision:

| CONDITION VIOLATED | NATURE OF NONCOMPLIANCE |
|---|---|
| The defendant shall not commit another federal, state or local crime. | On May 27, 2009, Mr. Smith was arrested by the Wake County Sheriff Department in Raleigh, NC for Felony Breaking and Entering, Felony Larceny, Felony Possession of Stolen Goods, and Felony Conspiracy. The offense date was April 5, 2009. |
|  | On July 20, 2009, Mr. Smith was arrested by the Wake County Sheriff Department in Raleigh, NC for Felony Intimidating a Witness. The offense date was May 20, 2009. Mr. Smith was arrested under the name Pete Noble Muhammad. |

Re: PETE SMITH                                                                                          PAGE 2

U.S. Probation Officer Recommendation:

[X]   The term of supervision should be
      [X]   revoked.
      [ ]   extended for ___ years, for a total term of ___ years.

                    I declare under penalty of perjury that the forgoing is true and correct.
         Executed On  9/25/09

                                              *Jesse J. Reaves Jr.*
                                              U.S. Probation Officer

Approved by:

*Desdemona Faison*                            9/25/09
Desdemona Faison                              Date
Supervisory U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[✓]   Other-To amend the petition filed on May 13, 2009, to reflect additional felony criminal charges and revised Policy Statement.

                                              *William L. Osteen, Jr.*
                                              Signature of Judicial Officer

                                              9/30/2009
                                              Date

**GENERAL ADJUSTMENT UNDER SUPERVISION:**

Since the filing of the original petition, Mr. Smith has been served with additional felony warrants. He has been charged with Felony Breaking and Entering, Felony Larceny, Felony Possession of Stolen Goods, Felony Conspiracy, and Felony Intimidating a Witness. He is currently in the Wake County Jail under a $80,000 secured bond. Mr. Smith's next court date is scheduled for October 15, 2009, in Wake County District Court in reference to the Felony Intimidating a Witness charge. All other charges, including the charges mentioned in the original petition, are still pending in Wake County Superior Court with no new court date scheduled.

**RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:**

**Statutory Provisions:**

Mr. Smith's original conviction was a Class A Felony. Therefore, if supervised release is revoked, he may not be required to serve more than 5 years in prison. 18 U.S.C. § 3583(e)(3).

**Policy Statements:**

The probation officer believes Mr. Smith's most serious violation is a Grade A in that the pending felony charges of Intimidating a Witness and Felony Breaking and Entering are crimes of violence that constitute conduct that is punishable by a term of imprisonment that exceeds 1 year. Mr. Smith's original criminal history category was Category II. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 27 to 33 months.

The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider the policy statements, but may deviate from them for good reason articulated on the record.

**Reimposition of Supervised Release**

The maximum term of supervised release that can be reimposed following revocation is the term of supervised release originally imposed minus the imprisonment imposed upon revocation.

**FACTORS THAT MAY WARRANT DEPARTURE:**

None.

**SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:**

Not Applicable.

**UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:**

None.

**ADJUSTMENT FOR OFFICIAL DETENTION:**

None.

Respectfully submitted,

Jesse J. Reaves Jr.
U.S. Probation Officer

Approved by:

Desdemona Faison
Supervising U.S. Probation Officer

Date 9/25/09

### RECOMMENDATION:

It is recommended that Mr. Smith's supervised release be revoked and that he be sentenced to the high end of the range of the Chapter 7 policy statements with no supervision to follow. Pursuant to USSG §7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

### Voluntary Surrender/Detention:

Mr. Smith does not appear to be a suitable candidate for voluntary surrender due to his current custody status. Mr. Smith has several pending charges in state court which include Felony Intimidating a Witness. As outlined in his presentence report, Mr. Smith has a history of violence with firearms and fleeing arrest. These factors make him a risk of flight and a danger to the community.

Detention is recommended due to the aforementioned.

Respectfully submitted,

Jesse J. Reaves Jr
U.S. Probation Officer

Approved by:

Desdemona Faison
Supervisory U.S. Probation Officer

9/25/09
Date

JJR/jjr

cc: U.S. Attorney
Defense Attorney
DCUSPO, Greensboro, NC
Pete Smith