PROB 12C
11/03

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina


FILED
DEC 2 - 2009
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

**Amend Petitions for Warrant or Summons filed on May 13, 2009, and September 30, 2009**

Name of Offender: PETE SMITH      Case Number: 2:93CR00117-1

Name of Sentencing Judicial Officer: The Honorable William L. Osteen

Date of Original Sentence: October 29, 1993

Original Offense: Possess with Intent to Distribute Cocaine Base (Crack) in violation of 21 U.S.C. §§ 841(a)(1) & (B)(1)(A).

Original Sentence: 168 months custody of the Bureau of Prisons followed by 5 years of supervised release.

December 6, 2005: Modification for Drug Testing was filed.

Type of Supervision: Supervised Release      Date Supervision Commenced: November 4, 2005
     Date Supervision Expires: November 3, 2010

Assistant U.S. Attorney: Scott Mebane      Defense Attorney: Gregory Davis

---

## PETITIONING THE COURT

[ ]    To issue a warrant
[ ]    To issue a summons
[X]    To amend the petitions filed on May 13, 2009, and September 30, 2009, to reflect new criminal convictions.

The probation officer believes that Mr. Smith has violated the following condition(s) of supervision:

| CONDITION VIOLATED | NATURE OF NONCOMPLIANCE |
|---|---|
| The defendant shall not commit another federal, state or local crime. | On November 13, 2009, Mr. Smith was convicted of Felony Burning Personal Property. He received a 9 to 11 month active sentence, suspended, 36 months of supervised probation. Mr. Smith was ordered to pay $27,000 in restitution. The probation sentence ordered to begin at the expiration of any active federal sentence. |
| | On November 13, 2009, Mr. Smith was also convicted of Felony Possession of Stolen Goods/Property and Felony Conspiracy to Commit Breaking and Entering. He received a 9 to 11 month active sentence, suspended, 36 months of supervised probation to run at the expiration of the above mentioned case. |

Re: PETE SMITH                                                                                           PAGE 2

U.S. Probation Officer Recommendation:

[X]   The term of supervision should be
      [X]   revoked.
      [ ]   extended for ___ years, for a total term of ___ years.

I declare under penalty of perjury that the forgoing is true and correct.

Executed On  11/19/09

Jesse J. Reaves Jr.
U.S. Probation Officer

Approved by:

Desdemona Faison                                    11/19/09
Supervisory U.S. Probation Officer                  Date

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[✓]   Other-To amend the petitions filed on May 13, 2009, and September 30, 2009, to reflect new criminal convictions.

William L. Osteen, Jr.
Signature of Judicial Officer

12/2/2009
Date

**GENERAL ADJUSTMENT UNDER SUPERVISION:**

Since the filing of the last petition, Mr. Smith has been convicted of Felony Burning Personal Property, Felony Possession of Stolen Goods/Property, and Felony Conspiracy to Commit Breaking and Entering. A second Felony Burning Personal Property, Felony Conspiracy ( 2 counts), Felony Breaking and Entering, and Felony Larceny were voluntarily dismissed. Mr. Smith has a charge of Felony Intimidating a Witness that is still pending in Wake County Superior Court. As of the writing of this report, no court date had been scheduled. Mr. Smith is currently in the Wake County Jail and a detainer has been filed by the US Marshal Service.

**RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:**

**Statutory Provisions:**

Mr. Smith's original conviction was a Class A Felony. Therefore, if supervised release is revoked, he may not be required to serve more than 5 years in prison. 18 U.S.C. § 3583(e)(3).

**Policy Statements:**

The probation officer believes Mr. Smith's most serious violation is a Grade A in that the pending felony charges of Intimidating a Witness and Felony Breaking and Entering are crimes of violence that constitute conduct that is punishable by a term of imprisonment that exceeds 1 year. Mr. Smith's original criminal history category was Category II. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 27 to 33 months.

The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider the policy statements, but may deviate from them for good reason articulated on the record.

**Reimposition of Supervised Release**

The maximum term of supervised release that can be reimposed following revocation is the term of supervised release originally imposed minus the imprisonment imposed upon revocation.

**FACTORS THAT MAY WARRANT DEPARTURE:**

None.

**SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:**

Not Applicable.

**UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:**

None.

**ADJUSTMENT FOR OFFICIAL DETENTION:**

None.

Respectfully submitted,

*[signature]*
Jesse J. Reaves Jr.
U.S. Probation Officer

Approved by:

*[signature]*
Desdemona Faison
Supervising U.S. Probation Officer

11/19/09
Date

**RECOMMENDATION:**

It is recommended that Mr. Smith's supervised release be revoked and that he be sentenced to the high end of the range of the Chapter 7 policy statements with no supervision to follow. Mr. Smith was convicted of three felony offenses in state court and ordered to pay $27,000 in restitution. He must complete 3 years of state probation after completing any federal active sentence if ordered. In addition, Mr. Smith still has a pending charge of Felony Intimidating a Witness in Wake County Superior Court. Pursuant to USSG §7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

**Voluntary Surrender/Detention:**

Mr. Smith does not appear to be a suitable candidate for voluntary surrender due to his current custody status. Mr. Smith was convicted of three felony charges in state court and still has a charge of Felony Intimidating a Witness pending. As outlined in his presentence report, Mr. Smith has a history of violence with firearms and fleeing arrest. These factors make him a risk of flight and a danger to the community.

Detention is recommended due to the aforementioned.

Respectfully submitted,

Jesse J. Reaves Jr.
U.S. Probation Officer

Approved by:

Desdemona Faison
Supervisory U.S. Probation Officer

11/19/09
Date

JJR/jjr

cc:   U.S. Attorney
      Defense Attorney
      DCUSPO, Greensboro, NC
      Pete Smith