ENTERED ON DOCKET
R. 55

JAN 25 2010

BY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 2:93CR117-1
)
PETE NOBLE MUHAMMAD )
)

FILED
JAN 22 2010
IN THE OFFICE
CLERK U.S. DISTRICT COURT
GREENSBORO, NC
BY

### Judgment and Commitment
### Supervised Release Violation Hearing

On January 7, 2010, a hearing was held on a charge that Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment entered in the above-entitled case on November 9, 1993, a copy is attached hereto and incorporated by reference into this Judgment and Commitment.

Defendant was represented by George E. Crump, III, Attorney.

Defendant was found to have violated the terms and conditions of his supervised release. Furthermore, Defendant notified the court, and probation confirms, that Defendant has lawfully changed his name to Pete Noble Muhammad.

**IT IS ORDERED** that Defendant's supervised release is revoked.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Bureau of Prisons for imprisonment for a period of 12 months. Upon completion of the sentencing, the Court imposes a period of supervised release for 48 months. Defendant shall abide by all conditions and terms of the home confinement

program for a period of 15 months during the 48 month period of supervised release. At the direction of the probation officer, Defendant shall wear an electronic monitoring device which may include global positioning and follow electronic monitoring procedures specified by the probation officer and pay for those electronic monitoring services as directed by the probation officer.

**IT IS RECOMMENDED** that supervision be transferred to the Eastern District of North Carolina as may be appropriate.

Defendant is remanded into the custody of the United States Marshal.

This the 22 day of January 2010.

William L. Osteen, Jr.
United States District Judge

ENTERED NOV 10 1993
BY: _____

# UNITED STATES DISTRICT COURT
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.                                              Case Number 2:93CR00117-1

PETE SMITH
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, PETE SMITH, was represented by Gregory Davis.

The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & (b)(1)(A) | Possess with intent to distribute cocaine base (crack). | 4/15/93 | 1 |

As pronounced on October 29, 1993, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due at such times and in such amounts as directed by the Bureau of Prisons or the U.S. Probation Officer.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 9th day of November, 1993.

_____
William L. Osteen
United States District Judge

Defendant's SSN:
Defendant's Date of Birth:
Defendant's mailing address:

Defendant: PETE SMITH  
Case Number: 2:93CR00117-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred sixty-eight (168) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

Defendant: PETE SMITH  
Case Number: 2:93CR00117-1

Judgment--Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall participate in a substance abuse treatment program which may include urinalysis or other forms of testing, as directed by the U.S. Probation Officer.

5. The defendant shall participate in program of mental health treatment and counseling as directed by the U.S. Probation Officer.

6. The defendant shall provide access to any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: PETE SMITH  
Case Number: 2:93CR00117-1

Judgment--Page 4 of 4

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level: 31  
Criminal History Category: II  
Imprisonment Range: 121 months to 151 months  
Supervised Release Range: 5 years  
Fine Range: $ 15,000 to $ 4,000,000  
Restitution: $ n/a

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence departs from the guideline range for the following reason(s): the defendant's criminal history score does not adequately represent the defendant's past criminal conduct. Court finds that the information contained in the PSR to be sufficient to justify an upward departure.